UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM BIDDICK, Jr., et al.,<br><br>　　　　Defendants. | No. 2:19-cv-0465 AC P<br><br><br>ORDER |

Plaintiff William Barton is a state prisoner at California Men's Colony, in San Luis Obispo, under the authority of the California Department of Corrections and Rehabilitation. Plaintiff has filed this pro se action in an attempt to challenge his 1975 conviction in the San Joaquin County Superior Court. Plaintiff claims that he is innocent, was illegally prosecuted and incarcerated, and seeks "[a] jury trial to prove my innocence." ECF No. 1 at 6. The pleading is styled as a civil rights complaint, and names two defendants: Wm. Biddick Jr., a San Joaquin "Judge Attorney," and James Lee, a Sonoma County "Prosecuting Attorney." Id. at 2.

On January 4, 2019, prior to filing the instant complaint, plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was assigned to the Redding division of this court. See Barton v. San Joaquin, Case No. 2:19-cv-0148 DMC P. Like the instant case, that petition challenges plaintiff's 1975 conviction in the San Joaquin County Superior Court, on two counts of first degree murder, based on plaintiff's alleged innocence. See id., ECF No. 1. By

1

order filed March 4, 2019, plaintiff was granted in forma pauperis status, and his petition was dismissed with leave to file a first amended petition within thirty days. See id., ECF No. 9. Plaintiff has not yet filed an amended petition in that case.

The instant action appears to be duplicative of, or supplemental to, the first-filed habeas corpus action. Although plaintiff has here presented his claims on the form intended for a civil rights complaint, a lawsuit that challenges the validity of a criminal conviction, or necessarily implies its invalidity, is barred unless the conviction is first successfully overturned on appeal or collateral review. See Heck v. Humphrey, 512 U.S. 477 (1994). Accordingly, plaintiff cannot maintain a civil rights suit at this time based on his allegations of innocence, and amendment of any putative civil rights complaint would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). In light of these principles, the court will construe the initial pleading in this case as an attempt to amend the pending habeas petition.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed in the instant action, ECF No. 1, is construed as an amended habeas petition, pursuant to 28 U.S.C. § 2254, in Barton v. San Joaquin, Case No. 2:19-cv-0148 DMC P;

2. The Clerk of Court is directed to immediately file a copy of the complaint in the instant action, ECF No. 1, designated as an amended habeas petition, in Barton v. San Joaquin, Case No. 2:19-cv-0148 DMC P, along with a copy of this order; and

---

[1] Plaintiff is informed that a civil rights complaint filed by a prisoner must be screened pursuant to 28 U.S.C. § 1915A(a) and summarily dismissed if it fails to state a claim on which relief may be granted. A prisoner must be assessed a $350 filing fee in a civil rights case even if he is granted in forma pauperis status and even if the complaint is dismissed immediately upon filing. 28 U.S.C. § 1915(b).

3. The Clerk of Court is directed to administratively close this case.

DATED: April 8, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE